THE BOARD OF CHOSEN FREEHOLDERS OF MIDDLESEX COUNTY, RELATOR, v. JOHN H. CONGER, CLERK, &c., RESPONDENT.

Argued November 12, 1901—Decided February 24, 1902.

1. Clerks of counties are constitutional officers. The constitution of 1844 fixes the rights and duties of county clerks as those which were at that time required of them by law, and directs that such rights and duties shall continue "until otherwise ordained by the legislature."

2. The duty of recording deeds and mortgages, prior to 1844, was imposed by statute upon the clerk of the Court of Common Pleas of each county; and the constitution of 1844 expressly makes the clerks of counties, severally, clerks of the Court of Common Pleas and Quarter Sessions of their respective counties.

3. Neither the act concerning clerks of the Court of Common Pleas and General Quarter Sessions, approved April 17th, 1846, nor the act respecting conveyances (Revision of 1898), have changed the rights or duties of said clerks as to recording deeds and mortgages.

4. By the act respecting conveyances (Revision of 1898), the duty to make alphabetical indexes of deeds, &c., as recorded, is cast upon the clerk, and, by section 51 of that act, it is provided that the clerk, in addition to the indexes now made and kept by him, shall make and keep such classified, analytical or combination index as the board of chosen freeholders of the respective counties shall determine, in index books to be provided by them for that purpose. *Held,* that if there exists power in the board of chosen freeholders of a county to appropriate money for the purpose of providing a combination index for past records, such indexes, when authorized, can be made only by the clerk of the county, as he is the sole and exclusive custodian of the books, records and papers of his office, subject only to the right of access thereto by the public for lawful purposes, upon the payment to him of the legal fees. The chosen freeholders have no power to direct the books and records to be taken from his custody or to employ others to make indexes thereof without his consent.

On rule to show cause why a *mandamus* shall not issue commanding John H. Conger, county clerk of Middlesex county, to permit access to, and use of, the books of deeds and indexes, and the delivery of said books to the relators, to be taken to a room in the court house at New Brunswick, to prepare a combination index thereof and to continue such indexes as now exist.

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the relator, *Peter F. Daly, George S. Silzer* and *Charles L. Corbin.*

For the respondent, *Alan H. Strong.*

The opinion of the court was delivered by

FORT, J. The result of allowing the *mandamus* applied for in this case will be to direct that the clerk of Middlesex county shall permit the chosen freeholders of that county access to the books of records of deeds of said county and the indexes thereof now existing, and, if need be, for their purposes, to

remove said books from the clerk's office to a room in the court house. It appears that the chosen freeholders of Middlesex have appropriated $2,000 to make new and to continue the present combination indexes of the records of deeds, &c., in the clerk's office, and that to do their work they have employed two persons, neither of whom is the clerk of the county.

The clerks of counties in this state are provided for by the constitution and are elected by the people, with a tenure of office of five years. *Const., art.* 7, § 2, ¶ 6.

The duties of clerks of counties are defined by the constitution, and they are, in addition to being clerks of the Courts of Common Pleas and Quarter Sessions, "to perform the duties and be subject to the regulations now required of them by law, until otherwise ordained by the legislature." *Const., art.* 10, ¶ 11.

The rights and duties of clerks of counties are therefore fixed by the constitution of 1844 as they then existed by law, and are so to continue "until otherwise ordained by the legislature."

It is a noteworthy fact that the act concerning the clerks of the Court of Common Pleas and General Quarter Sessions, approved April 17th, 1846, should have used in its first section the expression, "that every person who shall be elected clerk of the Court of Common Pleas and General Quarter Sessions for either of the counties of this state shall give bond," &c. No person is in fact elected clerk of the said courts, but the county clerk is made clerk thereof by the constitution as a part of his duties. A careful examination of the statutes relating to the clerk will show that sections 1, 2, 5, 6, 7 and 12 of the act of 1846 are a practical reproduction of sections 1, 2, 3, 4, 5 and 7 of the act of March 2d, 1820. *Elm. Dig., tit. "Clerks," p.* 74.

The only section omitted from the act of 1846 which was in the act of 1820 was section 6, which prohibited the clerk holding also the office of surrogate, and, since, by our constitution, the surrogate became a constitutional officer with the clerk, it is evident that this was left out because this could not occur under the constitution of 1844. The new sections

of the act of 1846 were 3, 4 and 8, which relate to fire-proof buildings for the books, records and papers, and require the clerk to remove the same thereto, when provided by the county, if the building be within half a mile of the court house; and also, that every person elected clerk of the Court of Common Pleas "shall receive the book or books in which any deeds or conveyances are recorded, sign and acknowledge a receipt for the same before one of the judges of the said court whose duty it shall be to deliver the said receipt to the secretary of state to be by him filed in his office." This was not, however, a new provision, as it is transferred into the act of 1846 from the "Act respecting conveyances," passed June 7th, 1799. *Elm. Dig., p.* 85, § 25. Our first act which provided a system for recording deeds was the act respecting conveyances of June 7th, 1799, section 10 of which provided for recording deeds, properly acknowledged, with the secretary of state, and the act also provided "that the clerk of the Court of Common Pleas of the county shall record in large, well-bound books, of good paper, to be provided for that purpose, and carefully preserved, all deeds and conveyances of lands lying and being in said county which shall be delivered to him to be recorded. To which books every person shall have access at proper seasons and be entitled to transcripts from the same on paying the fees allowed by law."

An act for the recording of mortgages by the clerk of the Court of Common Pleas was also passed June 7th, 1799, to which right of access and "to search the same" was given to every person "paying the fees allowed by law."

The act of 1846 has made no change in the duties or powers of the clerk which existed prior to 1844, and, by the express provision of the constitution above cited, there being no change in the law, whatever rights the clerk then had or whatever duties were then required, still exist, unless they have been changed in some way by the revision of the act respecting conveyances in 1898. *Pamph. L., p.* 670.

A careful examination of that act fails to disclose any change in the control of the clerk over the records of deeds and mortgages. Section 21 of the act of 1898 expressly pro-

vides for the recording thereof "in the office of the clerk of the Court of Common Pleas of the county where the lands are situate." By section 41, full provision is made for the clerk recording "in large, well-bound books, of good paper, to be provided for the purpose," all deeds, mortgages and other writings in the section mentioned. And by section 47 it is provided that, if not already done, "the clerks of the several Courts of Common Pleas of the several counties of this state are hereby authorized and directed to provide, at the expense of their respective counties, a book or books, and to make therein and enter indexes in alphabetical order to all the books of records," &c. And by section 50 it is made the duty of the clerks to keep up this alphabetical index from day to day as deeds are presented. And by section 51, that the clerk, surrogate, or other officer whose duty it is to make the record, shall, in addition to the indexes now made and kept by him, make and keep such classified, analytical or combination index as the board of chosen freeholders of the respective counties shall determine, in index books to be provided for that purpose by said freeholders, and shall enter therein, according to the classification thereof, an index of all the names now required to be indexed in the alphabetical indexes of their respective offices." *Pamph. L.* 1898, *p.* 688, §§ 47, 50, 51.

The revision of 1898 has cast no less duties on the clerk, but has added additional ones. If combination indexes are to be made, he is to make them, when the board of chosen freeholders so determines. He is the sole and exclusive custodian of the books, records and papers in his office, subject only to the right of access by the public for the examination thereof, and for searches and transcripts therefrom, upon the payment of the legal fees. Any indexing which, under existing statutes, may be lawfully authorized by the board of chosen freeholders to be done, he is entitled, and he alone authorized, to do. He is charged with the care and custody and the accounting to his successor for "the books, papers, records, writings and every document appertaining to said office." *Gen. Stat., p.* 840, § 15.

The indexes of the records are a part of the records and documents appertaining to his office.

We have not considered it necessary to decide the question whether the board of freeholders have the authority to order the work proposed to be done, as to past records, under section 51 of the Conveyance act of 1898, which seems to be the only provision so permitting, but, if they have such authority as to past, as well as to present and future records, we still think that the only person they can authorize under the statute to make the indexes is the clerk of the Court of Common Pleas.

The writ of *mandamus* is denied.